UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE KASP,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

No. 15 C 9884

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

George Kasp filed a petition pursuant to 28 U.S.C. § 2255. R. 1. He has also filed motions for an evidentiary hearing and subpoena duces tecum arguing that the government withheld exculpatory documents. R. 3. For the following reasons, Kasp's petition and motions are denied.

**Background**

A confidential source informed Chicago Police that Kasp was the source's heroin dealer. R. 1 at 66. The source was directed to record a phone conversation with Kasp. *Id.* at 66-67. During this conversation, Kasp agreed to meet the source to sell drugs to the source. *Id.* When he arrived to meet the source, Kasp was arrested by Chicago Police officers. *Id.* at 67. The officers searched him and discovered heroin in his pocket. *Id.* After Kasp was arrested, police searched his home and discovered a gun, five pounds of marijuana, cash hidden behind a refrigerator, and drug

trafficking paraphernalia, including a vacuum sealer, money counter, and three digital scales. *See* 11 CR 920, R. 30 at 5-6.

A grand jury subsequently indicted Kasp on charges of possession with intent to distribute heroin and marijuana and being a felon in possession of a gun. *See* 11 CR 920, R. 9. Kasp filed a motion to suppress as evidence the heroin found in his pocket, arguing the officers did not have probable cause to search him. *See* 11 CR 920, R. 25. Kasp also filed a supplemental affidavit in support of this motion. *See* 11 CR 920, R. 39. In his supplemental affidavit, Kasp denied he had agreed to conduct a drug transaction with the source, claiming that he agreed to meet the source to discuss a future transaction. *Id.* at 3. Judge Grady (previously assigned to the case) denied the motion. *See* 11 CR 920, R. 42.

Kasp eventually pled guilty to possession with intent to sell heroin and being a felon in possession of a gun. *See* 11 CR 920, R. 84. The plea agreement included an affirmation that Kasp had agreed to meet the source to sell drugs when he was arrested. *Id.* at 3.

At sentencing, the Court imposed an obstruction of justice enhancement based on the supplemental affidavit Kasp submitted in support of his motion to suppress. Kasp's counsel objected to the enhancement arguing that Kasp's statement in the affidavit "makes no sense" and is immaterial because even if Kasp was only meeting the source to plan a future drug deal, the police officers still had justification to search him. *See* 11 CR 920, R. 88 at 3-4. The Court rejected this

argument, and sentenced Kasp to 97 months in prison and four years of supervised release. *See* 11 CR 920, R. 94.

Kasp appealed his sentence reiterating the argument that the statements in his supplemental affidavit were immaterial and did not justify an obstruction enhancement. *See* 11 CR 920, R. 118. The Seventh Circuit affirmed Kasp's sentence. *Id.* at 6. Kasp subsequently petitioned this Court for a reduction of his sentence, and his period of incarceration was reduced to 78 months. *See* 11 CR 920, R. 135. Kasp was released from prison on November 9, 2017. *See* Federal Bureau of Prisons inmate finder website, https://www.bop.gov/inmateloc/ (last visited July 9 2018). Kasp filed this petition on November 2, 2015. *See* 15 C 9884, R. 1.[1]

**Analysis**

Kasp's primary concern is that the investigation during which he was arrested was not a joint federal investigation, such that the Chicago Police officers who participated in the investigation and arrest were bound by Illinois's requirement for two-party consent to record a phone, *see* 720 ILCS 5/14-2, making the recording and subsequent arrest illegal. *See* R. 1 at 59. Kasp seeks an evidentiary hearing to determine whether the investigation was a joint city and federal investigation such that the Illinois statute would not apply, as the government argues. *Id.* at 26; R. 3. Kasp also argues (1) "that his constitutional

---

[1] Despite his release, Kasp's petition is not moot. Because Kasp is on supervised release, he may still receive "effectual" relief in the form of a reduced supervised release period. *See Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) ("[Petitioner] is serving a term of supervised release, a form of custody that may be abbreviated if he prevails in this action. The case is therefore not moot.").

3

right to effective assistance of counsel was violated," R. 1 at 3; (2) "that the federal courts did not have the requisite jurisdiction to hear this matter," *id.*; (3) his indictment was defective because it was not signed and he was not given the chance to appear before the grand jury, *id.* at 33; and (4) that his plea is invalid because it contains a waiver of the right to challenge effective assistance of counsel, *id.* at 6.

## I. Frivolous Arguments

As an initial matter, Kasp's arguments that the Court lacks jurisdiction, that his indictment is defective, and that his plea agreement is invalid, are all frivolous. As the government noted in its brief, the Seventh Circuit has "repeatedly rejected" arguments challenging the jurisdiction of federal district courts to adjudicate crimes. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (citing *United States v. Phillips*, 326 Fed. App'x 400, at *1 (7th Cir. 2009) (describing as frivolous the argument that the court lacked jurisdiction in a criminal case, because "a district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law")). Kasp's challenge to the Court's jurisdiction is frivolous.

As to Kasp's claim that his indictment was defective, the Seventh Circuit has held that such arguments are not a basis to challenge a guilty plea. *See United States v. Aguirre*, 697 Fed. App'x 870, 871 (7th Cir. 2017); *see also United States v. Sanchez*, 533 Fed. App'x 663, 665 (7th Cir. 2013) ("[An] unconditional guilty plea waived any claim about defects in the indictment."). Additionally, Kasp does not

4

have a right to appear before the grand jury. *See United States v. Gardner*, 516 F.2d 334, 339 (7th Cir. 1975). Thus, these arguments are frivolous.

Kasp also argues that his plea agreement is invalid because it included a waiver of ineffective assistance of counsel claims. *See* R. 1 at 6. In addition to waiver of trial rights, the plea agreement provides that Kasp waived:

> all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed.

11 CR 920, R. 84 at 18. This does not constitute a waiver of the argument that Kasp "entered the plea agreement based on advice of counsel that fell below constitutional standards." *Hurlow v. United States*, 726 F.3d 958, 966-67 (7th Cir. 2013). As the plea agreement did not include a waiver of Kasp's right to effective assistance of counsel, his claim that it did is meritless.

## II. Procedural Default

Even if these arguments were not frivolous, they are procedurally defaulted. This is also true to the extent Kasp seeks to argue that his arrest was precipitated by an illegally recorded phone conversation. "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Hale v. United States*, 710 F.3d 711, 714 (7th Cir. 2013) (holding that a claim that was not raised in the trial court or on direct appeal was "doubly defaulted" on collateral review)). "Procedurally defaulted constitutional

claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." *Delatorre*, 847 F.3d at 843.

Kasp does not argue actual innocence, nor does he attempt to argue cause or prejudice. Instead, he argues that "cause and prejudice is not required if: (1) he seeks relief on any issue based on facts not developed at trial which should be considered to avoid a fundamental miscarriage of justice; (2) the government fails to object to the consideration of newly raised issues; or (3) the instant motion raises certain constitutional claims that may be adequately addressed only on collateral review." R. 1 at 6. None of these circumstances applies to the four arguments identified above. The bases for all four arguments were readily available to Kasp during his criminal proceedings in the district court. And in fact, Kasp questioned the legality of the phone recording and the Court's jurisdiction before he pled guilty. Kasp, however, failed to raise these issues on appeal. Thus, they are procedurally defaulted.

Although Kasp could not have challenged the validity of his plea agreement in the district court, he could certainly have done so on appeal. He did not. Thus, that claim is also procedurally defaulted.

### III. Ineffective Assistance

Unlike Kasp's other claims, ineffective assistance of council is not waived by failing to raise it in the trial court or on direct appeal. *See Delatorre*, 847 F.3d at 844 ("[C]laims of ineffective assistance, by their very nature, are almost invariably doomed on direct review because they often require augmentation of the record with

extrinsic evidence, which cannot be considered. We thus permit these claims, in most instances, to be raised for the first time on collateral review."). A claim of ineffective assistance of counsel requires a defendant to prove that his counsel performed deficiently and that this deficiency caused him prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Kasp claims that his trial counsel was ineffective for failing to argue that the recorded phone call leading to his arrest was not the product of a joint state-federal investigation such that the recording and his arrest were illegal. This argument presumes that a phone call recorded in violation of Illinois law is not admissible in federal court. But the Seventh Circuit has "held repeatedly that evidence may be used whether or not its acquisition violated state law." *United States v. Wilderness*, 160 F.3d 1173, 1175 (7th Cir. 1998). And the Seventh Circuit has applied this principle to recordings that violate Illinois law. *See United States v. Infelice*, 506 F.2d 1358, 1365 (7th Cir. 1974) ("Federal law governing the admissibility of evidence in federal criminal trials permits the introduction of such tape recordings."). Thus, Kasp's counsel's failure to raise this argument cannot constitute deficient performance.

Moreover, Kasp's counsel investigated this theory and found it to be meritless. Kasp's counsel reviewed written police reports that indicated a Chicago police officer "got permission from the U.S. attorney in [the Dirksen building] to record Mr. Kasp with only the cooperating party consenting to it." *See* 11 CR 920, R. 59 at 8-10. After he raised this issue, the government's counsel reiterated that she

7

had spoken with Kasp's attorney to explain his arrest was the result of "a joint DEA and CPD investigation . . . . in which CPD officers are participating." *Id.* at 9. About a month later, the government again explained that Kasp's arrest was the product of a larger joint investigation. *See* 11 CR 920, R. 70 at 6-11. Moreover, a transcript of the recorded phone call, provided by Kasp himself, reveals that the officer recording the call stated the call was recorded "pursuant to Operation: Triple Threat, under federal consent." *See* 11 CR 920, R. 39 at 2. All of this information suggests that Kasp's arrest was the result of a joint investigation. Any further pursuit of this theory by Kasp's counsel would have been "fruitless." *United States v. Lathrop*, 634 F.3d 931, 939 (7th Cir. 2011). Kasp's attorneys were therefore not ineffective for failing to investigate the joint investigation, and Kasp is not entitled to § 2255 relief on these grounds.

Kasp also argues that he received ineffective assistance of counsel at sentencing because his attorney "argued against him" by arguing that the supplemental affidavit Kasp filed in support of the earlier suppression motion was nonsensical. R. 7 at 18. But Judge Grady had indicated his intent to use Kasp's statements in the supplemental affidavit as a basis to enhance Kasp's base offense level. The only way to protect Kasp's interests in this circumstance was to concede that Kasp's statements in the supplemental affidavit were not true and make an argument for why they should not serve to enhance the offense level. This is clearly a "strategy choice well within the range of professionally reasonable judgments." *Strickland,* 466 U.S. 668 at 669; *see also Coleman v. United States*, 318 F.3d 754,

759 (7th Cir. 2003) ("The strategy of [petitioner's] counsel was perfectly reasonable. He tried to make the best of a bad situation for his client by attempting to minimize the sentence and help effectuate an earlier release."). Kasp's counsel was therefore not ineffective at sentencing, and Kasp is not entitled to § 2255 relief on these grounds.

## IV. Subpoena Duces Tecum

In addition to his petition, Kasp has filed a motion for a subpoena duces tecum. *See* R. 3. He seeks documents regarding Chicago Police, FBI, and DEA training and policies regarding confidential informants. *See id.* ¶¶ 3-4. However, Kasp does not explain how any of the documents he requests are exculpatory. Kasp's petition merely asserts conclusions without offering facts to support his conclusions—precisely the type of petitions that are denied. *See Prewitt v. United States*, 83 F.3d 812, 819-20 (7th Cir. 1996). At no point does Kasp explain how the requested materials might show he is entitled to relief. It is not clear how any of the requested material would affect the analysis of this Court or demonstrate how he is entitled to relief. Therefore, his motion for a subpoena duces tecum is also denied.

## V. Certificate of Appealability

The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2255 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Gonzalez v. Thaler*, 565 U.S. 134, 143 n.5 (2012). To obtain a certificate of appealability, a habeas petitioner must make "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Here, the Court's denial of Kasp's petition rests on application of well-settled precedent. Accordingly, certification of Kasp's claims for appellate review is denied.

## Conclusion

For the foregoing reasons, Kasp's petition, R.1, and motions for an evidentiary hearing and subpoena deuces tecum, R. 3, are denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: July 19, 2018